## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 04-00371 JB

THURMAN SAKIESTEWA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Withdraw Guilty Plea, filed March 26, 2004 (Doc. 11). The primary issue is whether the Defendant, Thurman Sakiestewa, has shown a fair and just reason for requesting the withdrawal. The Court held a hearing on this matter on March 29, 2004. Based on the reasons stated on the record in open court and consistent with the Court's ruling at the hearing, the Court finds that Sakiestewa has not demonstrated such a reason. Accordingly, the Court will deny the motion.

## LEGAL ANALYSIS

At the hearing on this matter, Sakiestewa clarified that he does not intend to pursue a plea of not guilty. He intends to persist in his guilty plea, but would like to withdraw from the plea agreement and move for a downward departure.[1] Sakiestewa seeks this relief because the Court did not accept a non-binding stipulation in the plea agreement stating that the cross reference in U.S.S.G. § 2A3.4(c)(1) would not apply to this case. Because the Court rejected the non-binding stipulation, the cross reference applies, and Sakiestewa's total offense level increased from 15 to 30. The

---

[1] In the plea agreement, Sakiestewa waived several rights, including his right to seek a downward departure.

practical effect of this increase is that Sakiestewa is facing a sentence of 97 to 121 months rather than a sentence of 18 to 24 months.

In his motion, Sakiestewa asserts that, under rule 11(d)(1), he may withdraw his plea because the Court had not yet accepted it.  See Fed. R. Crim. Proc. 11(d)(1)("A defendant may withdraw a plea of guilty . . . before the court accepts the plea, for any reason or no reason[.]").  After reviewing the transcript from the plea hearing, both parties agree with the Court that rule 11(d)(1) is not applicable.  The Court did accept the guilty plea, but deferred acceptance of the stipulations in the plea agreement.

Both parties agree that, because the plea agreement is an 11(c)(1)(B) agreement, Sakiestewa may not withdraw his plea of guilty unless he meets the standard set forth in rule 11(d)(2)(B).  See Fed. R. Crim. Proc. 11(d)(2)(B)("A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.").  Sakiestewa has not provided the Court with such a reason.  He was aware that the stipulation regarding the cross reference was not binding on the Court.  He was aware that the Court might not accept the stipulation, and that the cross reference might indeed apply to his sentencing.

The United States and Sakiestewa reached an agreement on the plea before they received a Form 13 Presentence Investigation Report from Probation.  See Transcript of Sentencing Proceedings at 32:5-14 (March 29, 2004).[2]  Following a recitation of the offense conduct, the Form 13 specifically stated: "Given the aforementioned, it is the position of the United States Probation Office that the

---

[2] The Court's citations to the plea and sentencing transcripts refer to the Court Reporter's original, unedited versions.  Any finalized transcripts may contain slightly different page and/or line numbers.

cross reference to U.S.S.G. § 2A3.1 applies in this case."   After receiving the Form 13, the parties agreed to the non-binding stipulation regarding the cross reference.  See id. at 31:13-24.

The plea agreement stated: "The United States and the defendant agree that section 2A3.4(c)(1) of the United States Sentencing Guideline will not apply in this matter."  Plea Agreement ¶ 7(b), at 5.  The next paragraph of the plea agreement stated:

> The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts this stipulation is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept this stipulation, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

Id. ¶ 7(c), at 5.  Knowing that risk, and knowing Probation's position, Sakiestewa signed the agreement.  He then proceeded to a plea hearing to keep his end of the bargain.

At the plea hearing, the Court specifically warned Sakiestewa that, even if the Court rejected the stipulation, he would not be allowed to withdraw his guilty plea.  See Transcript of Plea Proceedings at 24:2-17 (March 15, 2004).  After receiving this warning from the Court, Sakiestewa stated that he wished to persist in his guilty plea.  See id. at 24:18-21.  The Court expressly stated it did not know what it would do about the cross reference.  See id. at 22:12-18.  The Court believes that it would be inconsistent with its prior statements on the record to allow Sakiestewa to withdraw his guilty plea.  And to the extent that Sakiestewa's motion is based upon the Court's rejection of the stipulation, no fair and just reason for the withdrawal exists.  Because Sakiestewa has not informed the Court of any other basis for granting the motion, the Court will deny it.

**IT IS ORDERED** that the Defendant's Motion to Withdraw Guilty Plea is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Marron Lee
Assistant United States Attorney
Albuquerque, New Mexico

    *Attorney for the United States*


Benjamin A. Gonzales
Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*